UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| RHONDA J. TURPIN, | ) | CASE NO.1:13 CV 0083 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* petitioner Rhonda Turpin filed the above-captioned habeas corpus action against the United States of America pursuant to 28 U.S.C. § 2241. Ms. Turpin, who is confined at the Federal Prison Camp in Danbury, Connecticut ("F.P.C. Danbury"), is seeking a sentence adjustment and a reexamination of the restitution order imposed by this Court.

*Background*

Turpin was indicted in this Court on two counts of government securities theft in 2003. *See United States v. Turpin*, No. 1:03-cr-00478 (N.D. Ohio filed Dec.10, 2003)(Wells, J.) She entered a guilty plea to both Counts on February 12, 2004. Judge Wells sentenced Turpin to serve concurrent terms of 27 months on both counts. A Special Assessment of $200.00 was imposed,

along with restitution in the amount of $36,388.00. She self-surrendered to Alderson Prison Camp on October 18, 2004.

On June 22, 2005 Turpin was named in a 61-count indictment filed in this Court. *See United States v. Turpin, et al.*, No. 1:05cr303 (N.D. Ohio)(Adams, J.) She pleaded not guilty to the charges.

A bench trial commenced in this Court on August 30, 2006. Turpin was found guilty on Counts 1-9, Counts 11-16, Count 21, Counts 26-56, and Counts 58-61 of the indictment. She was sentenced on January 26, 2007 to concurrent terms of 188 months as to Counts 1-9, 11-16, 21, 26-56, and 58-61. A supervised release term was imposed for 5 years, along with a special assessment of $5,000 and restitution due in the amount of $300,302.95.

On appeal to the Sixth Circuit, Turpin challenged her conviction and argued the Court imposed a sentence beyond the statutory maximum for all but two of the 55 counts. The appeals court affirmed Turpin's conviction, but remanded the case for re-sentencing. *See United States v. Turpin*, No. 07-3554 (6th Cir. Apr. 13, 2009).

Turpin was resentenced by this Court on November 16, 2009. An amended Judgment and Commitment (J&C) was issued on December 1, 2009 to correct the date from which she was entitled to credit for time-served, as follows:

> Amended Judgment as to Rhonda J. Turpin (1): The defendant is sentenced to the Bureau of Prisons to be imprisoned for a total term of *180 months* as follows: Count 1 - *60 months* Bureau of Prisons ; Count 2-9, 11-16, 21, and 26-27 - *120 months* Bureau of Prisons ; Count 28 - *180 months* Bureau of Prisons ; Count 29 and 30 - *180 months* Bureau of Prisons ; Counts 31 and 61 - *180 months* Bureau of Prisons ; Counts 32 and 35- *180 months* Bureau of Prisons ; Counts 33-34 - *120 months* Bureau of Prisons ; Count 36 - *120 months* Bureau of Prisons ; Counts 37-56 and 58-60 - *60 months* Bureau of Prisons **all concurrent with credit for time served as of 10/2/2006.** Supervised release for a term of 5 years concurrent; Fine waived; Special assessment of $5,100.00; Assessed Attorney's Fees

        $53,485.09; Restitution due in the amount of $303,097.74 joint and several:

No. 1:05cr303 (Doc. No. 378)(emphasis added). The relevant sentence remains in effect today.

Turpin now states the BOP provided her 434 days jail time credit, "starting from November 2005." (Pet. at 2.) Without further explanation, she then claims the "FBOP recalculated her Jail Credit days after the first remand, stating the statutes had changed. The FBOP changes ultimately changed her outdate, and sentence, giving her a sentence of 215 months instead of 188 months."[1] *Id*. She seeks an adjustment of her sentence to reduce her offense level to 29, "but using the low end of the offense level guidelines at a criminal history category VI.."(Pet. at 4.) Ultimately, Turpin is seeking an Order from this Court reducing her sentence from 180 months to 153 months. From her perspective, this would allow the sentence in Case No. 1:03-cr-00478 ("2003 sentence") to be served concurrently with the sentence imposed in Case No. 1:05cr303 ("2005 sentence").

The second argument Turpin raises is based her claim that this Court's restitution order violates the Crime Victims statute, 18 U.S.C. § 3771. Turpin claims she is a crime victim who was also charged in the indictment. As such, she asserts the Court cannot hold her jointly and severally liable to pay restitution. Moreover, she argues that because National City Bank no longer exists her obligation to the bank should be set aside.

*28 U.S.C. § 2241*
*Jurisdiction*

A district court shall direct a writ of habeas corpus "to the person having custody of the person detained." 28 U.S.C. § 2243; *see Braden v. 30th Judicial Circuit Ct. of Ky.,* 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon

---

[1]Turpin does not explain to what statutes she is referring.

the person who holds him in what is alleged to be unlawful custody"). Therefore, a court has jurisdiction over a habeas corpus petition only if it has personal jurisdiction over the petitioner's custodian. *Braden*, 410 U.S. at 495. To evaluate jurisdiction, a court must first identify the petitioner's custodian and then determine whether it has personal jurisdiction over that custodian.

The Sixth Circuit has joined several other courts of appeals in holding that a prisoner's proper custodian for purposes of habeas review is the warden of the facility where he is being held. *See Vasquez v. Reno*, 233 F.3d 688, 693 (6th Cir. 2000)(alien seeking writ of habeas corpus contesting legality of his detention by Immigration and Naturalization Service (I.N.S.) was required to name as respondent individual having day-to-day control over facility in which he was being detained, not Attorney General, absent extraordinary circumstances); *see e.g., United States v. Moussaoui*, 365 F.3d 292, 300 (4th Cir. 2004)(the relevant question is not whether the district court can serve the witnesses, but rather whether the court can serve the custodian); *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir.1992); *Blango v. Thornburgh*, 942 F.2d 1487, 1491-92 (10th Cir.1991) (per curiam); *Brennan v. Cunningham*, 813 F.2d 1, 12 (1st Cir.1987); *Monk v. Secretary of Navy*, 793 F.2d 364, 368-69 (D.C.Cir.1986); *Billiteri v. United States Bd. of Parole*, 541 F.2d 938, 948 (2d Cir.1976); *Jones v. Biddle*, 131 F.2d 853, 854 (8th Cir.1942). The warden is the proper custodian because he has day-to-day control over the petitioner and is able to produce the latter before the habeas court. *Blango*, 942 F.2d at 1492 n. 10; *Guerra*, 786 F.2d at 416.

At the time Turpin filed this pleading she was incarcerated at F.C.I. Danbury. Therefore, her custodian, and the proper respondent in this action, is the warden at F.C.I. Danbury. Inasmuch as that facility is not within this judicial district, the Court lacks personal jurisdiction over Turpin's custodian. *See* 28 U.S.C. § 2241.

Generally, a court may transfer a petition to the court which has jurisdiction over a petitioner's custodian pursuant to 28 U.S.C. § 1631. Before issuing a transfer order, however, the court may "'peek' at the merits of petitioner's claim, in order to determine whether [28 U.S.C. § 1631] transfer to the correct district would be appropriate, in interests of justice, or whether transfer would be waste of time due to infirmities in petition would be appropriate." *Phillips v. Seiter* 173 F.3d 609, 610-11 (7th Cir. 1999).

Although Turpin presents her petition as a BOP sentencing credit issue, it is essentially a request for a sentence adjustment. A review of her attached sentence computation data reveals the BOP awarded her sentence credit from the date her 2003 sentence ended on October 2, 2006, until the January 25, 2007 date on which this Court imposed her 2005 sentence. At the time Turpin was transported from Alderson Prison Camp to appear before this Court, via writ of habeas corpus *ad prosequendum*, she was still serving her undischarged 2003 sentence. Pursuant to 18 U.S.C. § 3585(b), Turpin was entitled to credit from the date her undischarged sentence ended until this Court imposed a subsequent sentence. The statute mandates that a "defendant shall be given credit toward the service of a term of imprisonment for any time [s]he has spent in official detention prior to the date the sentence commences-- . . . *that has not been credited against another sentence*." 18 U.S.C. §3585(b)(2)(emphasis added). Therefore, the BOP's decision to credit her sentence from October 3, 2006 until January 25, 2007, is reflects an appropriate award of jail credit under the statute.

Turpin's petition suggests, however, that she believes that the commencement date of her 2005 sentence should be the same date as her 2003 sentence. To achieve this net result, she asks the Court to shorten the length of her prison term in the 2005 case based on the premise that this Court intended for her two federal sentences to run concurrently. This BOP's execution of her sentence

-5-

is the fullest expression of the Court's authority to run the sentences concurrently.

The governing statute for the purpose of determining whether a sentence runs concurrently or consecutively is set forth in 18 U.S.C. § 3584(a), which "gives a district court the discretion to impose a term of imprisonment either concurrently or consecutively to a prior undischarged term, taking into consideration the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Campbell*, 617 F.3d 958 , 960 (7th Cir. 2010). If Turpin believes this Court abused its discretion by not adjusting her sentence to account for her undischarged 2003 sentence, she is time barred from raising that issue. Moreover, Turpin has not argued why she is now entitled to raise this claim in a habeas petition pursuant to 28 U.S.C. § 2241. *See e.g. Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996)(remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255).

Turpin's attack on the restitution order really is an attempt to re-litigate the amount of her restitution almost six years after her sentencing. A district court's power to revisit a sentence once imposed is extremely limited, however. *See United States v. Vega*, 241 F.3d 910, 911-12 (7th Cir. 2001). Although 28 U.S.C. § 2255 provides a safety valve wherein a federal prisoner may bring a § 2241 claim challenging her conviction or imposition of sentence, it is limited to circumstances where it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *United States v. Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir.1997). Section 2255 is not considered "inadequate or ineffective" merely because an individual is unable to obtain relief under that provision. *See e.g., Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir.1999) (per curiam). Further, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, *see In re Dorsainvil*,

119 F.3d 245, 251 (3d Cir.1997), *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.), *cert. denied*, 488 U.S. 982 (1988), or because the petitioner is procedurally barred from pursuing relief under § 2255, *see In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997); *Garris v. Lindsay*, 794 F.2d 722, 726-27 (D.C.Cir.) (per curiam), *cert. denied*, 479 U.S. 993 (1986), or because the petitioner has been denied permission to file a second or successive motion to vacate. *See In re Davenport*, 147 F.3d 605, 608 (7th Cir.1998).

Based on the foregoing, Turpin has not established she is entitled to habeas relief pursuant to 28 U.S.C. §2241. Accordingly, a transfer of the petition is not warranted pursuant to 28 U.S.C. § 1631, and this action is dismissed pursuant to 28 U.S.C. § 2243. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

Date: 3/25/2013           */s/John R. Adams*
                          JOHN R. ADAMS
                          UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."